UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LOUIS TREJO, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,

Plaintiffs,

vs.

CASE NO.:
**CLASS ACTION**
**JURY TRIAL DEMANDED**

BUSINESS LAW GROUP, PA and THE ENCLAVE AT RICHMOND PLACE CONDOMINIUM ASSOCIATION, INC., a Florida Not for Profit Corporation.

Defendants.
______________________________________/

**COMPLAINT FOR DAMAGES PURSUANT TO THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692, ET SEQ., THE FLORIDA CONSUMER COLLECTION PRACTICES ACT, FLA. STAT. § 559.72, ET SEQ., AND THE FLORIDA UNLAWFUL AND DECEPTIVE TRADE PRACTICES ACT, FLA. STAT. 501.201, ET SEQ.**

Plaintiff, LOUIS TREJO ("Plaintiff"), files suit against Defendants, BUSINESS LAW GROUP, PA ("BLG") and THE ENCLAVE AT RICHMOND PLACE CONDOMINIUM ASSOCIATION, INC., a Florida Not for Profit Corporation ("ENCLAVE", together as "Defendants"), and as grounds therefore states:

## INTRODUCTION

1. Count I and III, respectively, are based on Plaintiff's claims under the Florida Consumer Collections Practices Act, *Fla. Stat. § 559.55, et seq*., ("FCCPA").

2. Count II is based on Plaintiff's claims under the Fair Debt Collection Practices Act, *15 U.S.C § 1692*, *et seq*. ("FDCPA").

3. Count IV is based on Plaintiff's claims under the Florida Deceptive and Unfair Trade Practices Act, *Fla. Stat. § 501.201, et seq*., ("FDUPTA")

## JURISDICTION AND VENUE

4. This Court has federal question jurisdiction over the FDCPA cause of action because this cause of action arises out of a violation of federal law. 47 U.S.C. § 227(b); Mims

Arrow Fin Servs., LLC, 132 S. Ct. 740 (2012). This court has jurisdiction over the FCCPA and FDUPTA cause of action under its supplemental jurisdiction. 28 U.S.C. § 1367.

5. Venue is proper in the Untied States District Court for the Middle District of Florida because the events giving rise to Plaintiffs' causes of action originated and occurred within the State of Florida and Defendants conduct business in the County of Hillsborough. Morevoer, the subject property is located in the County of Hillsborough.

## PARTIES

6. Plaintiff, LOUIS TREJO, is a record owner of real property located in Hillsborough County, Florida.

7. Defendant, BLG, is a Florida for profit Corporation that, at all times material hereto, is registered with the Florida Division of Corporations to transact business in the state of Florida.

8. Defendant, BLG, is engaged in the business of collecting consumer debts, acting as attorneys for various condominium associations and homeowner's associations, from consumers in the state of Florida and in Hillsborough County, Florida.

9. Defendant, ENCLAVE, is a Florida not-for-profit corporation that, at all times material hereto, is registered with the Florida Division of Corporations to transact business in the state of Florida.

10. Defendant, ENCLAVE, is engaged in the business of collecting consumer debts, from consumers in the state of Florida and in Hillsborough County, Florida.

## FACTUAL ALLEGATIONS

11. At all times relevant, Defendants, BLG and ENCLAVE conducted business in the State of Florida within this judicial district.

12. Defendant ENCLAVE engages in debt collection, as defined by the FCCPA, in the State of Florida.

13. Defendant BLG engages in debt collection, as defined by the FDCPA and FCCPA, in the State of Florida.

14. At no time did Plaintiff enter into a business relationship with Defendant ENCLAVE.

15. At no time did Plaintiff enter into a business relationship with Defendant BLG.

16. Plaintiff allegedly, pursuant to communications received from Defendant, BLG, owes a consumer debt as that term is defined by both the FDCPA and FCCPA.

17. Plaintiff is a consumer as that term is defined by both the FDCPA and the FCCPA.

18. Defendant, ENCLAVE, is a creditor as that term is defined the FCCPA.

19. Defendant, BLG, is a creditor as that term is defined by both the FDCPA and the FCCPA.

20. Defendant, ENCLAVE, is a debt collector as that term is defined by the FCCPA.

21. Defendant, BLG, is a debt collector as that term is defined by both the FDCPA and the FCCPA.

22. Within the last year, Defendant, ENCLAVE, attempted to collect consumer debts from Plaintiff.

23. Within the last year, Defendant, BLG, attempted to collect consumer debts from Plaintiff.

24. Defendant, ENCLAVE, regularly collects, or attempts to collect, debts owed or due or asserted to be owed or due another.

25. Defendant, BLG, regularly collects, or attempts to collect, debts owed or due or asserted to be owed or due another.

26. During the course of its attempts to collect debts owed, either directly or through an agent, or due or asserted to be owed or due another, Defendant, ENCLAVE, acting through its agents, sent Plaintiff bills, statements, or other correspondence, via the mail or electronic mail, and initiates contact with alleged debtors via various means of telecommunication, such as by telephone and facsimile.

27. During the course of its attempts to collect debts owed, either directly or through an agent, or due or asserted to be owed or due another, Defendant, BLG, sent Plaintiff bills, statements, or other correspondence, via the mail or electronic mail, and initiates contact with alleged debtors via various means of telecommunication, such as by telephone and facsimile.

28. Defendant, ENCLAVE, acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

29. Defendant, BLG, acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

30. Plaintiff's alleged debts to all Defendants arise from transactions for personal, family, and household purposes as Plaintiff purchased this property to initially serve as his homestead, owner-occupied, residence.

31. Specifically, Plaintiff purchased property at 18001 Richmond Place Dr., #512, Tampa, FL 33647 on or about November 20, 2006.

32. Said property is subject to Defendant, ENCLAVE's, Declaration, Bylaws, and other governing documents.

33. Said documents allow for the collection of assessments with the property and these assessments represent a consumer debt that is incurred for family, household, or personal reasons.

34. Said assessments represent a way for the Association to pay its common expenses.

35. Regardless of how property is titled each unit owner is liable for this debt.

36. These assessments are to be due monthly on the first of each month.

37. If an payment is late by five (5) days, it shall bear interest at a rate of 18%.

38. Defendant, ENCLAVE, through its claim of lien, dated on March 9, 2016, recorded on March 24, 2016, signed by its alleged agent BLG, attempts to collect assessments that remain unpaid from December of 2007 to at least March 7, 2016, which were due on the first of each month. Moreover, this claim of lien requested interest, which accrued pursuant to the declaration after payment had not been made by the fifth day after it was due (on or about December 5, 2007). Additionally, the claim of lien requested costs that have come due and may have come due in the future. *Claim of Lien Attached hereto as Exhibit A.*

39. Defendant, BLG, on or about February 3, 2016, sent a Notice of Intent to Record a Claim Of Lien to Plaintiff indicating that it was attempting to collect a debt. Said notice included a demand of $42,604.37. As a part of this demand, BLG indicated that interest was due which had accrued beginning on January 1, 2008. This correspondence asked for a check made payable to Business Law Group, PA and was sent on behalf of Defendant, ENCLAVE. *February 3, 2016 Notice/Letter Attached hereto as Exhibit B.*

40. Said notice attempted to put Plaintiff on notice of Defendant, ENCLAVE's, intention to record a claim of lien pursuant to *Fla. Stat. 718.116*, as said notice was sent with Defendant, ENCLAVE's, approval.

41. Said Notice also stated that "To avoid miscommunications, this firm would prefer to communicate with you regarding a dispute in writing. If you dispute all or any portion of the debt, then we request that you complete and return the enclosed Dispute Form; however your dispute is not required to be communicated in writing."

42. Attached to that Notice was a Dispute Form from Defendant, BLG. Said form materially contradicted the terms of the previous Notice by stating in no uncertain terms that "*All disputes must be in writing* and *accompanied with the owner information requested below*." *Defendant, BLG, Dispute Form attached hereto as Exhibit C.*

43. Plaintiff then received, dated March 9, 2016, another notice from Defendant, BLG, after same had been approved and consented to by Defendant, ENCLAVE, which again stated that there was interest accruing from January 2008 to present. Said notice also stated that a Claim of Lien had been filed against the property due to non payment of the amounts alleged to be due and owing.

44. Defendant, ENCLAVE, by and through Defendant, BLG, then filed suit in Hillsborough County Florida in the case styled as Enclave at Richmond Place Condominium Association v. Louis Trejo, Case No.: 16-CA-6831.

45. In its cause of action Defendant, ENCLAVE, relied on the same or substantially similar claims of lien and written correspondence attached as Exhibits to this cause of action.

46. Plaintiff then moved to dismiss as said claim of lien and the correspondence attempted to collect debts outside of the statute of limitations for same, namely; Fla. Stat. 95.11(2)(b).

47. At hearing on the Plaintiff's Motion to Dismiss the Hillsborough County Circuit Court Judge ruled that all debts accruing before July of 2011 were time barred for collection by the statute of limitations.

48. No where in any correspondence does Defendant, ENCLAVE, or Defendant, BLG, advise Plaintiff that these debts may be uncollectable by virtue of the statute of limitations or that it is precluded from filing suit on said debts.

49. Based on these communications, Plaintiff has suffered actual damages as a result of Defendant ENCLAVE and Defendant BLG written correspondence as a tenant has now vacated the property.

## CLASS ACTION ALLEGATIONS

50. Plaintiff brings this action on behalf of himself and on behalf of all others similarly situated ("the Class").

51. Plaintiff represents, and is a member of a Class, consisting of all persons within the state of Florida who, within one year prior to the filing of this Complaint, have been contacted by writing by Defendant, ENCLAVE, and Defendant, BLG, seeking to collect debts that were time barred by the applicable statute of limitations and said correspondence received no notice that said debts were uncollectable by legal action.

52. Defendants and its employees or agents are excluded from the Class. Plaintiff does not know the number of members in the class, but believes that the Class members number exceeds 500, if not more. Thus, this matter should be certified as a Class action for the purposes of judicial economy and efficiency and to assist in the expeditions litigation of this matter.

53. Plaintiff and members of the class were harmed by the acts of Defendants in at least the following ways: Defendants, either directly or through their agents, collected or attempted to collect debts that were barred by the statute of limitations which any payment of same would toll the applicable statute of limitations rendering the debts collectable again, in direct violation of 15 U.S.C. § 1692(e)(2)(a) and Fla. Stat. § 559.72(9). Plaintiff and the class members were damaged thereby.

54. This suit seeks compensatory damages as well as statutory damages on behalf of the Class. Plaintiff reserves the right to expand the Class definition to seek recovery on behalf of additional persons as warranted as facts are learned in further investigation and discovery.

55. The joinder of Class members is impractical due to the large number of class members, and the disposition of their claims in the Class action will provide substantial benefits both to the parties and to the Court. The Class can be identified through Defendants' records or Defendants' agents' records.

56. There is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented. The questions of law and fact to the Class

predominate over questions which may affect individual Class members, including the following:

a. Whether, within one year prior to the filing of this Complaint, Defendants or their agents wrote correspondence to a Class member seeking to collect debts that were time barred by the applicable statute of limitations (except those that had been tolled pursuant to Florida law);

b. Whether, within one year prior to the filing of this Complaint, Defendants or their agents, failed to indicate in the written correspondence to a Class member that said debt was not collectable through legal action as a result of the time that had elapsed since the alleged default;

c. Whether, within one year prior to the filing of this Complaint, Defendants, or their agents, filed suit based at least in part on the time-barred debts referenced in the correspondence sent seeking to collect debts; AND

d. Whether Plaintiff and the Class members were damaged thereby, and the extent of damages for such violations.

57. As persons who received at least one written correspondence from Defendants seeking to collect debts had an expired statute of limitations which barred collection through legal means, Plainiff is asserting claims that are typical of this class. During the one year period prior to the filing of this Complaint, Defendants were engaged in a pattern and practice of contacting members of the class in connection with a debt that was time barred for collection through legal action. Plaintiff will fairly and adequately represent and protect the interests of the Class in that Plaintiff has no interests antagonistic to any member of the Class.

58. Plaintiff and members of the Class have all suffered irreparable harm as a result of the Defendants unlawful and wrongful conduct. Absent a class action, the Class will continue to face the potential for irreparable harm. In addition, these violations of law will be allowed to proceed without remedy and Defendants will likely continue such illegal conduct. Because of the relatively small size of the individual claims, few, if any Class members could afford to seek individual legal redress for the wrongs complained of herein.

59. Plaintiff has retained counsel experienced in handling claims involving violations of the Fair Debt Collection Practices act and the Florida Consumer Collection Practices Act.

60. A class action is a superior method for the fair and efficient adjudication of this controversy. Class-wide damages are essential to induce Defendants to comply with Federal and Florida law. The interest of Class members in individually controlling the prosecution of separate claims against Defendants are small because the maximum statutory damages in an individual action pursuant to 15 U.S.C. § 1692(e)(2)(a) and Fla. Stat. § 559.72(9) is minimal. Management of these claims is likely to present significantly fewer difficulties than those present in many class claims.

**COUNT I – VIOLATION OF THE FLORIDA CONSUMER COLLECTION PRACTICES AGAINST ENCLAVE**

61. Plaintiff re-alleges and incorporates by reference the allegations set forth in paragraphs 1 - 60 of this Complaint as though fully set forth herein.

62. Defendant, ENCLAVE violated FCCPA § 559.72(9) by claiming, attempting, or threatening to enforce a debt when Defendant knew that the debt was not legitimate as a portion of same was time barred by the applicable statute of limitations *Fla. Stat. 95.11(2)(b)*.

63. Defendant, ENCLAVE violated FCCPA § 559.72(9) by asserting the existence of a legal right to collect the debt, or a portion thereof, when Defendant knew the right to collect said debt did not exist.

64. Defendant, ENCLAVE violated FCCPA § 559.72(9) by asserting the existence of a legal right to collect the debt, namely threatening to foreclose against the subject property on March 9, 2016 within 30 days when the claim of lien was not recorded until March 24, 2016, when Defendant knew the right to collect said debt did not exist.

65. Defendant, ENCLAVE violated FCCPA § 559.72(9) by asserting the existence of a legal right to collect the debt from a third party which included time barred amounts.

66. As a direct and proximate cause of Defendant, ENCLAVE's, debt collection activities, Plaintiff has suffered damages – both actual and statutory. In addition to statutory damages, Plaintiff has suffered actual damages as the amount alleged by Defendant, ENCLAVE, far exceeds the amount actually due and owing. Due to the collection practice, Plaintiff has lost the ability to lease the unit for fears of impending judgment of time barred amounts, in addition to having to use her cellular plan or landline to make phone calls to ENCLAVE'S agent.

WHEREFORE, Plaintiff, LOUIS TREJO, requests that this Court award the following relief in favor of Plaintiff against the Defendant, ENCLAVE:

a. Actual damages as prescribed by statute;

b. The maximum amount of statutory and/or additional damages provided under Fla. Stat. § 559.77(2).

c. Reasonable attorney's fees and the costs of this action; and

d. Such other and further relief as this Court may deem just and proper.

**COUNT II – VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT AGAINST BLG**

67. Plaintiff re-alleges and incorporates by reference the allegations set forth in paragraphs 1 - 60 of this Complaint as though fully set forth herein.

68. Defendant, BLG, violated FDCPA 15 U.S.C § 1692(e)(2)(a) by falsely representing the character, amount, or legal status of the Debt, in its letters attached to this Complaint, to Plaintiff as same were time-barred under Florida law.

69. Defendant, BLG, violated FDCPA 15 U.S.C § 1692(e)(2)(a) by falsely representing the character, amount, or legal status of the Debt by indicating that it was giving a notice of intention to record a claim of lien under Fla. Stat. 718.116, as the statute required was entirely different (718.121) and a condition precedent to the lien foreclosure.

70. Defendant, BLG, violated FDCPA 15 U.S.C § 1692(e)(5) by stating in its March 9, 2016 letter that it would seek foreclosure in 30 days despite not having yet provided a valid notice of its intention to foreclose its lien pursuant to Fla. Stat. 718.116.

71. Defendant, BLG, violated FDCPA 15 U.S.C. § 1692(e)(10) by falsely representing the amount alleged to be due and owing to a third party as a means to collect or attempt to collect a debt.

72. Defendant, BLG, violated FDCPA 15 U.S.C. § 1692(g) by indicating that the dispute of a debt was not required to be in writing in its February 3, 2016 letter.

73. As a direct and proximate result of Defendant's, BLG, failure to comply with the FDCPA as set forth above, the Defendant is liable to Plaintiffs for payment of damages as set forth in 15 U.S.C. 1692k.

74. In addition to statutory damages, Plaintiff has suffered actual damages as the amount alleged by Defendant, BLG, far exceeds the amount actually due and owing. Due to the collection practice, Plaintiff has lost the ability to lease the unit for fears of impending judgment of time barred amounts, in addition to having to use her cellular plan or landline to make phone calls to BLG's agents and/or employees.

WHEREFORE, Plaintiff, LOUIS TREJO, requests that this Court award the following relief in favor of Plaintiff against the Defendant, BLG:

a. Actual damages sustained by Plaintiff;
b. The maximum amount of statutory additional damages provided under 15 U.S.C 1692k;
c. Reasonable attorney's fees and the costs of this action; and
d. Such other and further relief as this Court may deem just and proper.

**COUNT III – VIOLATION OF THE FLORIDA CONSUMER COLLECTION PRACTICES AGAINST BLG**

75. Plaintiff re-alleges and incorporates by reference the allegations set forth in paragraphs 1 - 60 of this Complaint as though fully set forth herein.

76. Defendant, BLG violated FCCPA § 559.72(9) by claiming, attempting, or threatening to enforce a debt when Defendant knew that the debt was not legitimate as a portion of same was time barred by the applicable statute of limitations *Fla. Stat. 95.11(2)(b)*.

77. Defendant, BLG violated FCCPA § 559.72(9) by asserting the existence of a legal right to collect the debt, or a portion thereof, when Defendant knew the right to collect said debt did not exist.

78. Defendant, BLG, violated FCCPA § 559.72(9) by asserting the existence of a legal right to collect the debt, namely threatening to foreclose against the subject property on March 9, 2016 within 30 days when the claim of lien was not recorded until March 24, 2016, when Defendant knew the right to collect said debt did not exist.

79. Defendant, BLG violated FCCPA § 559.72(9) by asserting the existence of a legal right to collect the debt from a third party which included time barred amounts.

80. As a direct and proximate cause of Defendant, BLG's, debt collection activities, Plaintiff has suffered damages – both actual and statutory. In addition to statutory damages, Plaintiff has suffered actual damages as the amount alleged by Defendant, BLG, far exceeds the amount actually due and owing. Due to the collection practice, Plaintiff has lost the ability to lease the unit for fears of impending judgment of time barred amounts, in addition to having to use his cellular plan or landline to make phone calls to ENCLAVE'S agent.

WHEREFORE, Plaintiff, LOUIS TREJO, requests that this Court award the following relief in favor of Plaintiff against the Defendant, BLG:

a. Actual damages as prescribed by statute;

b. The maximum amount of statutory and/or additional damages provided under Fla. Stat. § 559.77(2);

c. Injunctive relief which permanently bars Defendant, BLG, from future violations under Fla. Stat. § 559.72(2);

d. Reasonable attorney's fees and the costs of this action; and

e. Such other and further relief as this Court may deem just and proper.

**COUNT IV – DECEPTIVE AND UNFAIR TRADE PRACTICE ACT VIOLATION AGAINST DEFENDANT, BLG**

81. Plaintiff re-alleges and incorporates by reference the allegations set forth in paragraphs 1 - 60 of this Complaint as though fully set forth herein.

80. Defendant's statement that it had a right to collect debts outside the statute of limitations was a deceptive practice.

81. Defendant's lawsuit, filed based on debts that were time barred, was a deceptive practice.

82. Based on Defendant's deceptive trade practices, Plaintiff's renter vacated the subject property based on the amount sought, which Defendant had no legal right to.

83. Defendant's action caused Plaintiff actual damages.

WHEREFORE, Plaintiff, LOUIS TREJO, requests that this Court award the following relief in favor of Plaintiff against the Defendant, BLG:

a. A declaratory judgment that Defendant, BLG, is violating the Florida Deceptive and Unfair Trade Practices Act by its debt collection methodologies;
b. Actual damages sustained by Plaintiff;
c. Reasonable attorney's fees and the costs of this action; and
d. Such other and further relief as this Court may deem just and proper.

**REQUEST FOR JURY TRIAL**

Plaintiff, LOUIS TREJO, respectfully request a jury trial on all issues so triable.

**VERIFICATION**

Under penalties of perjury, I declare that I have read the foregoing document and that the facts stated in it are true.

LOUIS TREJO

Dated, January 9th, 2017

Respectfully submitted,

**Bryant H. Dunivan Jr., Esq.**
**Fla. Bar No.: 102594**
**Michael J. Owen, Esq.**
**Fla. Bar No.: 76584**
OWEN & DUNIVAN, PLLC
330 Pauls Dr., Ste. 104,
Brandon, FL 33511
Phone: 813.502.6768
Attorney for Plaintiff